UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SEYMOUR "SY" GOLDSTEIN,<br><br>                          Plaintiff,<br>v.<br>ARIA RESORT & CASINO,<br><br>                          Defendant. | Case No. 2:15-cv-00541-RFB-PAL<br><br>**SCREENING ORDER**<br><br>(Amended Complaint – ECF No. 5) |

This matter is before the court on Plaintiff Seymour "Sy" Goldstein's Amended Complaint (ECF No. 5). The Amended Complaint is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Goldstein is proceeding in this action *pro se*. He initially filed an Application to Proceed *In Forma Pauperis* (ECF No. 1), but later remitted a check to the Clerk of the Court to initiate this action. *See* Receipt of Payment (ECF No. 2). Thus, the application was denied as moot. *See* Order (ECF No. 3). Upon initial review of the complaint, the court instructed Mr. Goldstein to file an amended complaint to correct defects in his pleading.

This case arises from Mr. Goldstein's allegations of negligence against Defendant Aria Resort & Casino (the "Aria"). In the initial screening order, the court found that the original complaint failed to state a claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure[1] because it was devoid of factual allegations. *See* Order (ECF No. 3). The only description of Mr. Goldstein's claim was found on the court's civil cover sheet form, which stated that this is a "tort action for slip or skip [and] fall." This statement suggested that Goldstein is attempting to pursue a negligence claim. Goldstein was informed that to state a negligence claim in Nevada, a plaintiff

---

[1] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

1

must allege that: (1) defendant owed plaintiff an existing duty of care; (2) defendant breached that duty; (3) defendant's breach was the legal cause of the plaintiff's injuries; and (4) plaintiff suffered damages. *Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 217,180 P.3d 1172, 1175 (2008). Mr. Goldstein's complaint lacked sufficient factual allegations to state a colorable claim as it appeared to be a form document that he did not complete. Thus, the court informed him that the complaint failed to state a claim and dismissed his complaint with leave to amend. Goldstein was also informed that the court cannot refer to a prior pleading in order to make an amended complaint complete.

Mr. Goldstein timely filed an Amended Complaint (ECF No. 5) which the court, unfortunately, only recently discovered needed screening.

I. **SCREENING THE AMENDED COMPLAINT**

When a litigant's requests permission to proceed *in forma pauperis*, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Federal courts are required to dismiss an action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the complaint states a colorable claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

2

### A. Plaintiff's Factual Allegations and Claims for Relief

The "First Amended Complaint" consists of one paragraph and is identified as "Attachment A" to a sample form complaint. Mr. Goldstein alleges that he was a guest at the Aria on March 23–24, 2013. As he walked toward the sports book, he slipped and fell on a foreign matter on a hardscape walkway. The fall caused him to "split" his left elbow and forehead and break his nose and right wrist. Mr. Goldstein does not allege an amount of damages

For the reasons discussed below, the court finds that the complaint fails to state a proper basis for federal jurisdiction.

### B. Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Personal jurisdiction gives a court jurisdiction over the *person or entity* against whom the case is brought. Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. There are two kinds of subject matter jurisdiction: (a) federal question, giving the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (a) diversity of citizenship, giving the district court original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, 28 U.S.C. § 1332. Lack of subject matter jurisdiction

3

may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).

To invoke this court's diversity jurisdiction, a plaintiff must specifically allege: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The amount in controversy is determined by the amount at stake in the case, *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005), based on the face of the pleadings. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). Diversity of citizenship is shown when "there is complete diversity between all the named plaintiffs and all the named defendants, and no defendant is a citizen of the forum state." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A natural person's state citizenship is then determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). Given the limited jurisdiction of federal courts, "a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (collecting cases). Dismissal is appropriate where a complaint fails to specifically allege the citizenship of the parties. *Id*.

Here, the amended complaint lacks any jurisdictional allegations. Mr. Goldstein has not alleged that the amount in controversy (*i.e.*, the amount of his damages) exceeds $75,000. Additionally, he has not alleged his state of domicile or the Aria's state(s) of incorporation and principle place of business, which are necessary to show a complete diversity of citizenship between the parties. Accordingly, he has not pled a basis for this court to exercise subject matter jurisdiction.

### C. Failure to State a Claim

The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss

a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

The amended complaint fails to provide enough factual allegations to state a plausible negligence claim. As explained in the previous Order (ECF No. 3), to state a negligence claim in Nevada, a plaintiff must allege that: (1) defendant owed plaintiff an existing duty of care; (2) defendant breached that duty; (3) defendant's breach was the legal cause of the plaintiff's injuries; and (4) damages. *Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 217,180 P.3d 1172, 1175 (2008). Although the amended complaint does allege that the fall caused Mr. Goldstein to be injured, it does not allege that the Aria owed Mr. Goldstein a duty of care, the Aria breached

5

that duty, and the Aria's breach was the legal cause of Goldstein's injuries. In short, the amended complaint fails to allege what the Aria did or did not do to cause or be responsible for his fall. The mere allegation of a fall and injuries is insufficient to state a colorable claim. As a result, the first amended complaint will be dismissed with leave to amend.

If Mr. Goldstein chooses to file a second amended complaint, he must do so by **March 24, 2017**. The second amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Each claim must be supported with factual allegations because all complaints must contain sufficient allegations of underlying facts to give defendants fair notice and raise a reasonable expectation that discovery will reveal evidence of the allegations. *Starr*, 652 F.3d at 1216; *Cafasso*, 637 F.3d at 1055.

Mr. Goldstein is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Clerk of the Court will also be instructed to mail Goldstein a blank form complaint for negligence claims.[2]

Accordingly,

/ / /

/ / /

---

[2] The Complaint for Civil Case Alleging Negligence, Pro Se Form 5, is also available on the United States Courts' website at uscourts.gov/forms/pro-se-forms/complaint-civil-case-alleging-negligence.

**IT IS ORDERED** that:

1. Plaintiff Seymour "Sy" Goldstein's Amended Complaint (ECF No. 5) is DISMISSED WITH LEAVE TO AMEND.
2. The Clerk of the Court shall MAIL Mr. Goldstein one blank form complaint for negligence, one copy of the Amended Complaint (ECF No. 5), and one copy of this Screening Order.
3. Plaintiff shall have until **March 24, 2017**, to file his second amended complaint, if he believes he can correct the noted deficiencies. The second amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.
4. Plaintiff shall clearly title the second amended complaint as such by placing the words "**SECOND AMENDED COMPLAINT**" below the case number, 2:15-cv-00541-RFB-PAL, on page 1 in the caption.
5. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be dismissed.

Dated this 21st day of February, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

7