UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SEYMOUR GOLDSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>ARIA RESORT & CASINO,<br><br>Defendant. | Case No. 2:15-cv-00541-RFB-PAL<br><br>**<u>ORDER</u>** |

**I.     INTRODUCTION**

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 30). For the reasons stated below, the Court grants the motion.

**II.    FACTUAL BACKGROUND**

**A. Undisputed Facts[1]**

The Court finds the following facts to be undisputed.

On March 22, 2013, at approximately 11:55 a.m., Plaintiff was present in Aria Resort & Casino located at 3730 S. Las Vegas Boulevard, Las Vegas, Nevada 89158. As Plaintiff was walking in the hotel, he stumbled and fell forward to the ground. There was no physical evidence of the existence of a liquid or other hazard on the floor where Plaintiff fell. There is no record in this case of a history of incidents or hazards in the area where Plaintiff fell. Plaintiff's shoes were inspected after he fell and this review revealed no evidence of a liquid or hazard on the shoes.

---

[1] In his opposition, Plaintiff does not present or point to evidence contradicting the factual assertions of the supported evidence of Defendant. He simply opposes Defendant's argument in a conclusory fashion without specifically offering evidence to contest Defendant's factual assertions.

Plaintiff suffered a stroke several years ago and this has caused him to have weakness at times in his right leg. Plaintiff's niece stated that Plaintiff can be unstable when walking.

### B. Disputed Facts

The parties dispute the cause of Plaintiff's fall in the Aria.

## III. PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint in state court on March 24, 2015. ECF No. 1. He filed an Amended Complaint on May 13, 2015. ECF No. 5. Discovery closed on February 1, 2018. Defendant filed the instant Motion for Summary Judgment on June 1, 2018. ECF No. 30.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

## V. DISCUSSION

Under Nevada law, a plaintiff must prove four elements to show negligence in a slip-and-fall matter: (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury; and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev.

1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). A business owner will be liable for breaching its duty to patrons if the business owner, or his or her agents, cause a foreign substance to spill on the floor. Id. But if any other person causes the foreign substance to spill on the floor, the business can only be liable if it had actual or constructive notice of the foreign substance and did not remedy it. Id. at 322–23.

The Court finds that Plaintiff cannot demonstrate a genuine issue of disputed fact that Defendant caused a spill or had actual or constructive notice of a spill. Plaintiff offers no evidence of when the alleged spill occurred, how the alleged spill occurred, how long the alleged liquid remained on the floor, or whether Defendant could have been aware of the alleged spill through reasonable diligence. There is no evidence of a spill or Defendant's knowledge of a spill or other hazard. There is no evidence in the record of past spills or falls in the relevant area of the hotel that would suggest a chronic hazard of which Defendant would be aware. Furthermore, Plaintiff does not suggest any particular action that Defendant failed to take which could have prevented the alleged spill. Absent any evidence of causation or notice, Plaintiff's negligence claim necessarily fails. See Sprague, 849 P.2d at 323.

The Court also rejects Plaintiff's arguments about discovery irregularities or violations. He has presented no evidence to suggest that such violations actually occurred. Plaintiff had sufficient time to conduct discovery. The Court does not find a basis for reopening discovery or delaying its ruling in this case. The Plaintiff has not demonstrated diligence in discovery and has not presented a reasonable explanation for his failure to pursue the discovery he now seeks. The Defendant would be prejudiced by such a delayed reopening of discovery.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 30) is **GRANTED**. The Clerk of Court is instructed to close this case.

DATED: January 18, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**